UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## PARTIES' RULE 26(f) REPORT

The parties, through their counsel, pursuant to Fed.R.Civ.P. 26(f), submit the following discovery report after participating in a telephone conference between the parties' counsel on June 22, 2022.

**Initial Disclosures**

The parties have agreed to exchange the information required by Fed.R.Civ.P. 26(a)(1) on or before July 29, 2022.

**Discovery Plan**

Discovery will be needed on the following subjects: (a) Plaintiff's claims and allegations in the Complaint; (b) Plaintiff's claimed damages; (c) the defenses alleged and plead in the Answer; and (d) any other matters that are properly discoverable. No changes are necessary to the discovery limitations imposed under federal or local rules.

**Discovery of Electronically Stored Information**

The parties agree that discovery requests may likely require retrieval of electronically stored information (ESI) from computers and other data storage devices, including electronic mail.

The parties agree first to produce ESI in .pdf format. Should the non-producing party determine that native format (such as .pst) is necessary for certain documents already produced in .pdf format or for any other reason, the parties will discuss in good faith the most cost-effective method for producing said ESI in native format. Good cause for production of ESI in native format will be inferred if any materials have been altered or deleted. Should any dispute remain unresolved after the parties confer in good faith, they will refer the matter to the Court for resolution. The parties do not currently anticipate that the scope, cost, or time required for the disclosure or production of ESI will be beyond what is reasonably available to the parties in the ordinary course of business.

Counsel for the respective parties have both acknowledged and represented that they have implemented a reasonable "legal hold" system to ensure appropriate preservation of information that is relevant to any claim or defense of any party, including ESI.

**Issues Related to Claims of Privilege**

The parties do not foresee any problems with identifying and attempting to resolve issues concerning privilege. To the extent a dispute concerning documents covered by privilege arises, the parties agree that they will make a good-faith effort to resolve that dispute prior to filing a discovery motion. The parties agree that any initial privilege logs required during discovery must include only those documents prepared before Plaintiff filed her EEOC charge against Defendant – i.e., before November 5, 2021.

**Other Orders Under Federal Rule of Civil Procedure 26(c) or 16(b)**

The parties agree to address the need for Protective Orders as the need arises and to make a good-faith effort to resolve any such matters amicably before seeking Court intervention. Such an order may be necessary regarding personnel records, medical information, financial, and business operations and contractual information. The parties acknowledge and understand the

legal difference between documents designated as confidential pursuant to a Protective Order and the sealing of documents pursuant to E.D. Tenn. L.R. 26.2. The parties will abide by the Court's Memorandum and Order Regarding Sealing Confidential Information (Doc. 5).

**Settlement Possibilities**

The parties discussed settlement and concluded more information is needed at this time.

**Proposed Trial Date**

The parties request a jury trial date in October of 2023.

**Anticipated Length of Trial**

The parties anticipate the length of this jury trial to be three (3) days.

**Magistrate Jurisdiction**

The parties do not consent to magistrate judge jurisdiction.

Submitted this 22nd day of June, 2022.

**MIKEL & HAMILL PLLC**

By: *s/ Doug S. Hamill*
Doug S. Hamill (BPR No. 022825)
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com
*Counsel for Plaintiff*

**WALLER LANSDEN DORTCH & DAVIS, LLP**

By: *s/ Robert E. Boston*
Robert E. Boston (BPR No. 009744)
Joshua T. Wood (BPR No. 035395)
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
bob.boston@wallerlaw.com
joshua.wood@wallerlaw.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

       I hereby certify that on June 22, 2022, a copy of the foregoing was filed electronically via the Court's CM/ECF filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail and/or electronic mail. Parties may access this filing through the Court's electronic filing system.

     _s/ *Doug S. Hamill*_____