UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

This Order, agreed to by both parties, shall be applicable to and govern all disclosures, documents, answers to interrogatories, responses to request for production, requests for admission, testimony and other information, including all copies and excerpts thereof (hereinafter "Material") produced, given or filed during discovery and other proceedings in this action. All Material produced or exchanged in the course of discovery in this litigation that contains financial, business, customer, personal, credit, private, or other similar confidential, or proprietary information pertaining to a party (including a party's agents, current or former employees, and representatives) to this litigation, and that is so designated by stamping "CONFIDENTIAL" on each such document by the producing party, shall be deemed "Confidential Material." The parties can also designate any produced documentary information as CONFIDENTIAL in any manner agreeable to all counsel that will ensure that the documents can be clearly identified as Confidential Material. No designation of Confidential Material shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection.

Documentary information produced or disclosed during this litigation that the producing party did not designate as Confidential Material when produced or disclosed, but which that party later desires to designate as Confidential Material, may be so designated by notifying in writing the party to whom the information was produced or disclosed. Each recipient of this notice shall then promptly mark the Material as "CONFIDENTIAL" and notify all others to whom the recipient has conveyed the documents or information of its designation as Confidential Material. Once notified, each recipient shall treat the documents or information according to the terms and restrictions of this Agreed Protective Order.

The restrictions regarding the custody and/or disclosure of the Confidential Material subject to the protection of this Protective Order shall apply with equal force and effect to any excerpts, analyses or summaries of such Confidential Material or the information contained therein.

Confidential Material shall be used solely for the purpose of this litigation and shall not (except by further order of this Court), be given, shown, made available, discussed, or otherwise communicated to anyone other than: (i) parties, their affiliated companies, and persons who counsel in good faith determines needs to see the Confidential Information for the purposes of this lawsuit; (ii) counsel for the parties and their paralegals and secretarial staff, (iii) outside printing, technical, information technology, and document services, (iv) any retained experts, (v) any court reporter in connection with a deposition or trial in this litigation, (vi) any mediator in connection with a mediation with respect to the matters in this litigation, (vii) witnesses as necessary for preparation for or testimony during depositions or trial; (viii) such other persons whom counsel for the parties agree in writing may have access to such documents, and (ix) the Court and its staff, and members of the jury. Before disclosing any Confidential Information to any individual

identified in (i), (iii), (iv), (vii) (except during trial testimony) and (viii), counsel shall advise said individual of the terms of this Confidentiality Order and obtain assent from said individual to be bound to the terms of this Confidentiality Order.

If any party bound by the terms of this Order wishes to disclose Confidential Material beyond the terms of this Protective Order, that party shall provide the other party with reasonable notice of its intent to so disclose such Confidential Material. If the parties cannot resolve their disagreement with respect to the propriety of disclosing such Confidential Material, the party who wishes to prevent disclosure of such Confidential Material shall apply to the Court for a determination of that issue, subject to provisions of the Memorandum and Order Regarding Sealing Confidential Information entered in this matter (Doc. 5). Until the Court has made its determination, the parties shall treat the challenged discovery material as confidential.

Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

The following provisions shall govern the steps that will be taken if it is discovered that Confidential Material or other documentary information which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced ("Inadvertently Produced Documents"):

a. If the producing party discovers that it has produced Inadvertently Produced Documents, the producing party shall notify any receiving party within ten (10) business days of discovery of the error. Within five (5) business days of receipt of such notice, any receiving party shall return all copies of the Inadvertently Produced Documents to the producing party and shall

remove electronic copies of the Inadvertently Produced Documents from the receiving party's electronic systems or review databases, and obtain all copies of the Inadvertently Produced Documents that have been disseminated to others within and outside the party's organization and do the same. However, within five (5) business days of receipt of such notice, if a receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed Inadvertently Produced Document for in camera review together with an explanation as to why the document should not be deemed privileged or protected. The producing party shall then have ten (10) business days to make a submission to the Court regarding why the disputed Inadvertently Produced Document should be considered privileged or protected.

      b.      Where a party who received Inadvertently Produced Documents becomes aware of such, that party shall promptly notify the producing party of such inadvertent production and shall take reasonable steps to avoid further disclosure of such Inadvertently Produced Documents.

      c.      The fact that Inadvertently Produced Documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work-product doctrine, either in this case or in any other legal action, arbitration or proceeding of any kind. The fact that privileged or protected documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine. A party shall be entitled to rely on these non-waiver provisions regardless of when the inadvertent production is discovered and regardless of who discovers the inadvertent production.

This Agreed Protective Order shall survive the termination of this litigation. All "Confidential Material," including copies, shall be returned to the producing party if requested

within thirty (30) days following the conclusion of this case, including all appeals, if any. If no request is made, the documents will be destroyed.

Either party or a third party who relies upon this Protective Order may seek to enforce the terms of this Protective Order upon proper application to the Court.

IT IS SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

**MIKEL & HAMILL PLLC**

By: *s/ Doug S. Hamill*
    Doug S. Hamill (BPR No. 022825)
    620 Lindsay Street, Suite 200
    Chattanooga, TN 37403
    (423) 541-5400
    dhamill@mhemploymentlaw.com
    *Counsel for Plaintiff*

**WALLER LANSDEN DORTCH & DAVIS, LLP**

By: *s/ Robert E. Boston*
    Robert E. Boston (BPR No. 009744)
    Joshua T. Wood (BPR No. 035395)
    511 Union Street, Suite 2700
    Nashville, TN 37219
    (615) 244-6380
    bob.boston@wallerlaw.com
    joshua.wood@wallerlaw.com
    *Counsel for Defendant*

# CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this the 30th day of August, 2022, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee using the Court's Electronic Case Filing (ECF) sytem, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Douglas S Hamill  
Mikel & Hamill PLLC  
620 Lindsey Street, Suite 200  
Chattanooga, TN 37403  
423-541-5400  
Email: dhamill@mhemploymentlaw.com

                                               */s/ Robert E. Boston*_____  
                                               Attorney for Defendant