UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiff submits the following memorandum in support of his motion to compel discovery.

### I. INTRODUCTION

This is an employment discrimination claim brought pursuant to Title VII of the Civil Rights Act and the Tennessee Human Rights Act. Plaintiff contends that Defendant unlawfully failed to accommodate her religious beliefs by denying her request for exemption from the company's Covid vaccination mandate. After denying Plaintiff's religious accommodation request, Defendant terminated Plaintiff's employment because Plaintiff refused to comply with the company's Covid vaccination mandate. Defendant contends that Plaintiff's religious belief is not sincerely held and that her request would be an undue hardship.

### II. DISCOVERY REQUESTS AT ISSUE

The following discovery requests are at issue in this motion:

Defendant's Rule 26(a)(1) initial disclosures lack contact information for witnesses.

Defendant's answers to interrogatories are not verified or signed under oath.

> Request No. 3. Produce all documents (including emails, texts, or audio/video recordings) related to the decision-making process regarding Plaintiff's religious accommodation request to continue her employment as a Bio Statistical Research Scientist without being vaccinated for COVID.
>
> Request No. 5. Produce all written communications (email, text, etc.) between Jennifer Shields and Hal Gault concerning Plaintiff.
>
> Request No. 7. Produce all written communications (email, text, etc.) sent or received by Mike McPherson since January 1, 2021, concerning Plaintiff's interactions with clients. This request includes any communications with Human Resources members concerning the nature and/or extent of Plaintiff's interaction with external clients.
>
> Request No. 14. Produce all written communications (email, text, etc.) between Brooke Cordell and Plaintiff.
>
> Request No. 16. Produce all documents related to job applications for which Plaintiff applied with Defendant since September 1, 2021. This request includes a written job description with pay information for each position for which Plaintiff applied.

A copy of Defendant's Rule 26(a)(1) initial disclosures is attached to the Motion as Exhibit 1. A copy of the relevant portions of Defendant's responses to requests for production of documents is attached to the Motion as Exhibit 2 – Defendant's supplemental responses to Request for Production and Defendant's October 10, 2022 supplemental discovery letter.

### III. PROCEDURAL POSTURE

The parties' attorneys held their Rule 26(f) meeting on June 22, 2022. (Doc. 9.) On June 23, 2022, Plaintiff served interrogatories and requests for production of documents to Defendant. (Exhibit 3.) On August 3, 2022, Defendant served its initial disclosures to Plaintiff. (Exhibit 1.) On August 4, 2022, Plaintiff emailed a letter to Defendant requesting specific contact information (last known home address and phone number) for its listed witnesses. (Exhibit 4.)

Defendant's discovery responses were due by July 25, 2022. Plaintiff granted Defendant's first request for an extension to August 10, 2022. Plaintiff granted Defendant a second requested

extension to August 12, 2022. On that date, Defendant produced its interrogatory answers without a verification page and responses without any documents. (See Exhibit 5.) After several promises to produce documents were made and the promised dates passed, Defendant finally produced some documents on August 30, 2022. Thereafter, Defendant made piecemeal document production to Plaintiff on September 23, 2022, and again on September 30, 2022. However, Defendant still had not produced all requested documents through that time. On October 10, 2022, Defendant served Plaintiff with its "First Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents" and an accompanying discovery letter. (Exhibit 2.) No new document production was submitted with these October 10th documents.

Thereafter, Plaintiff sent at least two emails (and left two voicemails) requesting the status of the remaining outstanding discovery matters. Finally, on November 15, 2022, Plaintiff sent a final follow-up email detailing the long outstanding discovery issues. (Exhibit 6.) Receiving no response from Defendant, Plaintiff was forced to file this Motion.

### IV. LEGAL ARGUMENT

#### A. Standard of Review

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed.R.Civ.P. 26(b)(1). The discovery rules are liberally construed to authorize broad discovery and any non-privileged information that reasonably may lead to the discovery of admissible evidence is discoverable. *United States v. Leggett & Platt, Inc.,* 542 F.2d 655 (6th Cir. 1976); *Coleman v. American Red Cross,* 23 F.3d 1091, 1097 (6th Cir. 1994). The information sought need not be admissible in court. Fed.R.Civ.P. 26(b)(1). Regarding the proportionality requirement, important factors to consider are whether the requesting party has access to the

relevant information from another source and whether the requested information is of importance in establishing a party's claim. *Id*.

Broad discovery is especially important in employment cases. "A plaintiff who must shoulder the burden of proving that the reasons given for her [adverse employment action] are pretextual should not normally be denied the information necessary to establish that claim." *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir. 1991). *See also Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 664 (6th Cir. 2010) (discussing the need for broad discovery in employment discrimination case); *Duke v. University of Texas at El Paso*, 729 F.2d 994, 997 (5th Cir. 1984) (stating that "procedural technicalities" to impede liberal discovery are improper in employment discrimination case); *Dinkins v. State of Ohio, Div. of State Highway Patrol*, 116 F.R.D. 270, 271 (N.D. Ohio 1987) ("The courts have acknowledged that the scope of discovery in Title VII cases is especially broad because evidence of discrimination is often difficult to obtain, and as a result, plaintiffs must often rely on circumstantial and statistical evidence to prove discrimination."); *Savage v. City of Lewisburg, Tenn.*, 2014 WL 4979308, at *7 (M.D. Tenn. Oct. 6, 2014) ("Civil discovery rules are to be construed liberally in Title VII cases in order to provide the plaintiff with 'broad access to employers' records.'") (quoting *Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 658, (1989)).

Once the party seeking discovery demonstrates an appearance of relevance, the party resisting the discovery bears "the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Inst'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). To resist discovery that appears relevant, the party

4

Case 1:22-cv-00118-CEA-SKL   Document 20   Filed 11/21/22   Page 4 of 10   PageID #: 83

opposing disclosure "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id*.

### B. Rule 26(a)(1) Initial Disclosures

In its Rule 26(a)(1) initial disclosures, Defendant failed to provide ***any*** contact information for its listed witnesses. One key witness, Jennifer Shields, no longer works for Defendant. Even for this former employee, Defendant provided no contact information. Despite repeated requests from Plaintiff to provide contact information, Defendant has failed to do so.

Rule 26(a)(1) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses," Fed. R. Civ. Pro. 26(a)(1)(A)(i), "based on the information then reasonably available to it." Fed. R. Civ. Pro. 26(a)(2)(A). A disclosing party may not satisfy this obligation by disclosing its business or defense counsel's address and phone number. Rather, the disclosing party must provide each individual's home address and telephone number, regardless of whether the individual is considered a managerial agent of the defendant. *See Van Hoek v. McKesson Corp.*, 2018 WL 7286517, at *1 (M.D. Fla. June 21, 2018); *Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 545 (N.D. Ill. 2015); *Clay v. Consol Pennsylvania Coal Co., LLC*, 2013 WL 12373595, at *2 (N.D.W. Va. Feb. 20, 2013); *Altheim v. GEICO Gen. Ins. Co.*, 2010 WL 11508155, at *1 (M.D. Fla. May 17, 2010); *Hartman v. Am. Red Cross*, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010); *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620 (D. Colo. 2008); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *Barker v. Dunn Country Motors, LLC*, 2007 WL 9808315, at *2 (E.D. Okla. Sept. 17, 2007); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681 (N.D. Ga. 2000); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996).

5

Moore's Federal Practice describes the disclosure requirement of Rule 26(a)(1)(A)(i) as "the functional equivalent of standing court-ordered interrogatories," and further explains that "if some or all of the identified individuals are employees of the disclosing party, their home addresses and telephone numbers must be disclosed." 6 Moore's Federal Practice § 26.22(4)(a)(i). Furthermore, "[t]he disclosing party does not satisfy the initial disclosure obligation by providing only its business address and telephone number, even for employees with managerial responsibilities, unless the disclosing party knows no other address." *Id.*

Plaintiff requests the Court to order Defendant to provide the last known home address and telephone number of each listed witness.

### C. Verification of Interrogatory Answers

Defendant's interrogatory answers, and its supplemental interrogatory answers, are not verified. Pursuant to Fed.R.Civ.P. 33(b)(3) and (5), interrogatory answers must be signed under oath. Plaintiff raised this deficiency in her August 4th letter to Defendant. Despite subsequent reminders, Defendant has yet to verify its interrogatory answers.

### D. Requests for Document Production

1. Request No. 3

In this request, Plaintiff requested documents related to the decision-making process regarding Plaintiff's religious accommodation request. In a letter dated October 10, 2022, Defendant responded to Request No. 3 with the following statement: "BCBST directs Plaintiff to the supplemental production accompanying BCBST's First Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, which contains information that is potentially-responsive to this Request." (Exhibit 5.) It should be noted that by October 10th, Defendant had produced 553 pages of documents. Plaintiff asked Defendant several times to

6

identify by Bates-label the documents it deemed to be "potentially-responsive" to Request No. 3. Defendant has never done so.

Rule 34(b)(2)(E)(i) requires a producing party to organize and label documents to correspond to the categories in the request. A generalized response to see all documents produced fails to satisfy this Rule because it does not allow the opposing party to discern what documents are responsive to the specific request, particularly when there have been a large number of documents produced. *See Dino Drop, Inc. v. Chase Bar & Grill*, 2010 WL 11542009, at *5 (E.D. Mich. July 30, 2010) ("response to the request by a general reference to 120 pages of documents does not comply with the spirit of Rule 34 in that it does not distinguish among the documents in a meaningful way that would allow the requesting party to determine which of the documents were responsive to the specific request"). Here, Defendant's general see-all-documents-produced response does not comply with Rule 34's requirements. Plaintiff requests the Court to compel Defendant to identify by Bates label which documents Defendant believes to be "potentially responsive" to Request No. 3.

2. Request Nos. 5 and 7

In Request No. 5, Plaintiff sought communications between Jennifer Shields and Hal Gault concerning Plaintiff. In Request No. 7, Plaintiff sought communications sent or received by Mike McPherson since January 1, 2021, concerning Plaintiff's interactions with clients. Defendant did not object to the discoverability of these requests. Rather, in its October 10th letter, Defendant provided the following response to both requests: "BCBST continues its good faith efforts to locate responsive documents and will supplement its Response to this Request should it locate any." (Exhibit 5.) Since receiving the October 10th letter, Plaintiff has followed up with Defendant on several occasions, requesting responsive documents. Defendant has not responded whether it

7

Case 1:22-cv-00118-CEA-SKL   Document 20   Filed 11/21/22   Page 7 of 10   PageID #: 86

has found any documents, whether it is still looking for documents, or whether any documents exist at all. It has been five months since these requests were made. That is more than ample time for Defendant to comply with these rather straight-forward document requests. Therefore, Plaintiff requests the Court to compel Defendant to produce any responsive documents.

    3.    <u>Request No. 14</u>

In this request, Plaintiff sought written communications between Brooke Cordell and Plaintiff. Defendant did not object to the discoverability of this request. Rather, in its October 10th letter, Defendant provided the following response: "BCBST has not located any responsive email communications exchanged between Plaintiff and Brooke Cordell from June 1, 2021 to present *regarding BCBST's vaccine mandate and/or Plaintiff's religious accommodation request related to same*. However, BCBST will continue its good-faith efforts to locate responsive communications and will supplement its Response to this Request should it locate any." (Exhibit 5 – emphasis added.) Respectfully, Plaintiff's request placed no qualifiers or limitations on the subject matter of the communications between Plaintiff and Cordell. Cordell was a BCBST recruiter with whom Plaintiff communicated in an effort to find a replacement job not requiring the vaccine mandate with BCBST. Plaintiff knows that she had at least one email conversation with Cordell around the time of her termination, or shortly thereafter. (See Exhibit 7.) Plaintiff advised Defendant of this post-termination email exchange between Plaintiff and Cordell and requested Defendant to produce responsive documents. Defendant has so far not responded or produced any responsive documents. Therefore, Plaintiff requests the Court to compel Defendant to produce documents responsive to Request No. 14.

8

Case 1:22-cv-00118-CEA-SKL   Document 20   Filed 11/21/22   Page 8 of 10   PageID #: 87

4. <u>Request No. 16</u>

In this request, Plaintiff sought job application documents related to Plaintiff's search for internal positions. The request specifically sought pay information for each position for which Plaintiff applied. While Defendant produced responsive documents, it failed to produce any documents related to pay information for these vacant positions. Plaintiff has requested this information several times, but so far Defendant has not responded. Thus, Plaintiff requests the Court to compel Defendant to produce document related to pay information for the two vacant internal positions to which Plaintiff applied since September 1, 2021.

**E.     Discovery Sanctions**

Plaintiff submits that she is entitled to attorney fees associated in the filing of this motion to compel discovery. Pursuant to Rule 37(a)(5), if a motion to compel a discovery response is granted, then the court must require the party whose conduct necessitated the motion to pay the moving party's reasonable attorney fees. Fed.R.Civ.P. 37(a)(5).

In this case, Plaintiff propounded discovery requests to Defendant five months ago. The remaining discovery issues are straight-forward and not even objected to by Defendant. Despite repeated requests from Plaintiff, Defendant has largely ignored Plaintiff. Defendant has not articulated any specific reason for delaying its discovery responses. In this case, Defendant has exhibited a pattern of delay, which finally has forced Plaintiff to seek the Court's intervention. Defendant's long delay in producing clearly relevant discovery information is unreasonable and not substantially justified. Thus, attorney fees are an appropriate sanction in this case.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By: <u>s/ *Doug S. Hamill*</u>
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: <u>s/ *Doug S. Hamill*</u>