UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| Plaintiff, | ) Case No. 1:22-cv-00118-CEA-SKL |
| v. | ) District Judge Charles E. Atchley, Jr. |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC. | ) Magistrate Judge Susan K. Lee |
| Defendant. | ) JURY DEMANDED |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant BlueCross BlueShield of Tennessee, Inc. ("BCBST" or "the Company") submits this Response in Opposition to Plaintiff Tanja Benton's ("Plaintiff's") Motion to Compel Discovery (Docket Entry ("D.E.") 19). As set forth below, BCBST has sufficiently responded to Plaintiff's discovery requests and the instant Motion should be summarily denied.[1]

## FACTUAL BACKGROUND

This employment discrimination lawsuit stems from Plaintiff's prior employment with BCBST. In August 2021 -- in response to the unprecedented global pandemic presented by the spread of COVID-19 -- BCBST announced that it would impose a limited and narrowly-tailored vaccine mandate applicable to employees in positions that, prior to the pandemic, required or involved in-person interaction with third parties on behalf of BCBST. At that time, BCBST employed Plaintiff as a Bio-Statistical Research Scientist who, before the pandemic, visited with

---

[1] BCBST does not waive any prior objection it has asserted to Plaintiff's discovery requests by not re-asserting all objections in this brief.

1

representatives of BCBST accounts assigned to her as clients in order to analyze, discuss, train, and present data on the ways in which her client accounts (and their employees) utilized (and could further maximize) the benefits and services offered by BCBST.

After being notified that her position was subject to BCBST's vaccine mandate, Plaintiff submitted a religious accommodation request seeking full exemption from BCBST's vaccine mandate. Specifically, Plaintiff requested that her temporary telework status -- a status effectuated solely because of the COVID-19 pandemic -- be changed to a permanent status indefinitely. BCBST accepted Plaintiff's request for a religious accommodation but determined that the specific arrangement she proposed unreasonably strained its operations and business needs.

Accordingly, BCBST developed and offered an alternative (reasonable) accommodation arrangement that allowed Plaintiff to remain in her position (despite being unvaccinated) while she explored and pursued alternate positions within the Company that did not require or entail public-facing responsibilities. Plaintiff accepted that alternative accommodation arrangement and BCBST provided that accommodation for as long as operational demands permitted. Ultimately, however, Plaintiff never secured an alternative non-public facing position, and her employment ended effective November 4, 2021. Thereafter, Plaintiff filed the instant lawsuit, alleging failure to accommodate on religious grounds.

## PROCEDURAL BACKGROUND

The instant motion relates to six categories of documents and information from Plaintiff's First Request for the Production of Documents, which Plaintiff served on BCBST on or around June 23, 2022. BCBST initially responded to Plaintiff's first set of discovery on or around August 12, 2022. Thereafter, BCBST supplemented its responses (and productions) several times as it identified additional documents and information responsive to Plaintiff's requests. On or around

September 1, 2022, Plaintiff's counsel sent undersigned counsel a deficiency letter regarding BCBST's discovery responses. A true and correct copy of that correspondence is attached hereto as <u>Exhibit A</u>. Undersigned counsel responded to Plaintiff's letter on or around October 10, 2022. *See* D.E. 20-2.

Throughout the following weeks, the parties continued discussing and negotiating the scope of Plaintiff's discovery requests (and BCBST's responses thereto) and BCBST continued supplementing its responses and productions, as appropriate. While the parties resolved most of the disagreements initially identified in Plaintiff's deficiency letter, several issues remained outstanding, thereby leading to the instant motion. As further detailed below, BCBST has complied in good faith with its discovery obligations and the Court should summarily deny Plaintiff's motion.

## **LAW & ARGUMENT**

### A. **BCBST CURED ANY DEFICIENCIES RELATED TO ITS INITIAL DISCLOSURES & INTERROGATORY VERIFICATION.**

As of the filing of this Opposition, BCBST supplemented its discovery production to provide the following documents and information to Plaintiff:

- Interrogatory Verification;
- First Amended Initial Disclosures;
- BCBST's Second Supplemental Responses to Plaintiff's First Set of Requests for Production, including Benton_BCBST 000554 - 000584.

That production cured any and all deficiencies that Plaintiff raised with respect to BCBST's Initial Disclosures and Interrogatory Verification. Specifically, Plaintiff's Memorandum highlights that, as of the time of filing, BCBST had neither verified its interrogatory responses nor provided contact information for witnesses identified in its Initial Disclosures. BCBST has since provided

3

a notarized verification and served supplemental Initial Disclosures that includes contact information for the individuals disclosed in ¶¶(A)(1)–(A)(4), the "witnesses" whose contact information was previously lacking. Accordingly, the Court should deny Plaintiff's Motion on these grounds as moot.

> **B.** **BCBST FULLY AND APPROPRIATELY RESPONDED TO PLAINTIFF'S DISCOVERY REQUESTS.**

<u>REQUEST FOR PRODUCTION NO. 3</u> - In <u>Request No. 3</u>, Plaintiff sought: "all documents (including emails, texts, or audio/video recordings) related to the decision-making process regarding Plaintiff's religious accommodation request to continue her employment as a Bio Statistical Research Scientist without being vaccinated for COVID." *See* D.E. 20-5 at p. 2. BCBST objected on the following grounds:

> **RESPONSE**: BCBST objects to this Request to the extent it encompasses documents that are protected by the attorney-client or attorney work product privileges. BCBST also objects to the Request as vague and ambiguous because it is unclear whether the request seeks information concerning Plaintiff's decision to seek a religious accommodation request or BCBST's decision-making in response to the request. BCBST presumes RFP No. 3 seeks the latter information, but what the "decision-making process" includes remains ambiguous. BCBST further objects because the phrase "related to" is inherently vague and ambiguous such that responding would impermissibly require BCBST to speculate as to Plaintiff's intended meaning. It would be difficult if not impossible to identify every document that might arguably "relate to" Plaintiff's religious accommodation request.

*Id*. Thereafter, Plaintiff clarified (and limited the scope of) <u>Request No. 3</u> as seeking "all material documents regarding BCBST's response to Dr. Benton's religious accommodation request." *See* <u>Exhibit A</u> at p. 2. Throughout the course of discovery, BCBST produced several categories of documents and communications it believed were responsive to several of Plaintiff's discovery requests, including <u>Request No. 3</u>. Indeed, by way of example, BCBST has produced:

4

- Plaintiff's original accommodation request and BCBST's responses thereto -- including the alternative accommodation BCBST offered to Plaintiff and her acceptance of same;
- Communications between Human Resources personnel regarding Plaintiff's accommodation request;
- Communications whereby BCBST engaged in the interactive process with Plaintiff to clarify, explain, and assist Plaintiff with the accommodation process;
- Plaintiff's communications with BCBST recruitment personnel (and application materials) overviewing her attempts to find an alternative position within BCBST that was not subject to the Company's vaccine mandate.

Plaintiff does not take issue with the substantive scope of BCBST's production, and instead asks this Court to require that BCBST identify by Bates label which documents that BCBST believes to be responsive to Request No. 3. The Federal Rules do not require such an undertaking.

FRCP 34(b)(2)(E)(i) requires that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to categories in the request." Rule 34 does not require that BCBST identify and detail each and every way that its productions are responsive to Plaintiff's duplicative requests. Even if the Federal Rules imposed such an obligation, the impermissibly broad scope of Request No. 3 prevents BCBST from reasonably and meaningfully doing so. Indeed, as explained in BCBST's discovery responses and in correspondence to Plaintiff's counsel, the expansive scope of Request No. 3 impermissibly requires that BCBST speculate as to Plaintiff's intended meaning -- including to speculate about what Plaintiff may or may not believe constitutes a "material document" regarding "BCBST's response to [Plaintiff's] religious accommodation request…" Given the broad scope of Request No. 3 as written, *every* communication that BCBST produced in this matter is arguably responsive to Request No. 3.

Plaintiff can review BCBST's production and make her own determination as to whether documents produced are "material" to BCBST's response to Plaintiff's religious accommodation

request, but BCBST is not required to assist Plaintiff in that determination. Accordingly, BCBST maintains its objection to Request No. 3, and respectfully requests this Court deny Plaintiff's Motion to Compel with respect to same.

\* \* \*

**REQUEST FOR PRODUCTION NO. 5** - In Request No. 5, Plaintiff sought: "all written communications (email, text, etc.) between Jennifer Shields and Hal Gault concerning Plaintiff." See D.E. 20-5 at p. 7. BCBST objected as follows:

> **RESPONSE:** BCBST objects to this Request to the extent it encompasses documents that are protected by the attorney-client or attorney work product privileges. BCBST further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, as it is not limited to the relevant timeframe or by any subject matter(s) relevant to this dispute. As written, this request arguably would require BCBST to search through and produce *every* communication *ever* exchanged by or between Jennifer Shields and Hal Gault to identify potentially-responsive communications. Such an undertaking is not required by the Federal Rules of Civil Procedure.
>
> Subject to and without waiving these objections, Defendant will produce non-privileged documents responsive to this request and relevant to the allegations in the Complaint.

*Id*. Before Plaintiff filed the instant motion, BCBST had already produced all the responsive communications between Ms. Shields and Mr. Gault that it had identified. BCBST has again reviewed the communications between Ms. Shields and Mr. Gault concerning Plaintiff and, prior to filing this Opposition, BCBST supplemented its production to include one additional email thread that it inadvertently missed, as the communication arose in response to a different BCBST employee's inquiry. BCBST continues its good-faith efforts to identify and locate any documents responsive to this Request. However, aside from the documents already produced, BCBST has not located any additional responsive documents.

\* \* \*

**REQUEST FOR PRODUCTION NO. 7** - In Request No. 7, Plaintiff requested: "all written communications (email, text, etc.) sent or received by Mike McPherson since January 1, 2021, concerning Plaintiff's interactions with clients. This request includes any communications with Human Resources members concerning the nature and/or extent of Plaintiff's interaction with external clients." *See* D.E. 20-5 at p. 8. BCBST objected as follows:

> **RESPONSE**: BCBST objects to this Request to the extent it seeks information and documentation that is protected by the attorney-client or attorney work product privileges. Notwithstanding this objection, BCBST will produce non-privileged documents responsive to this request and relevant to the allegations in the Complaint.

*Id*.

BCBST has not located any communications involving Mr. McPherson communicating about Plaintiff's "interaction with external clients." However, prior to filing this Opposition, BCBST supplemented its production to provide communications involving Mr. McPherson discussing *other* aspects of Plaintiff's employment and accommodation request. BCBST continues its good-faith efforts to identify and locate documents responsive to this Request. However, aside from the documents already produced, BCBST has not located any additional responsive documents.

\* \* \*

**REQUEST FOR PRODUCTION NO. 14** - In Request No. 14, Plaintiff sought "all written communications (email, text, etc.) between Brooke Cordell and Plaintiff." *See* D.E. 20-5 at p. 10. BCBST objected as follows:

> **RESPONSE**: Objection. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case, as it is not limited to the relevant timeframe or by subject matter(s) relevant to this dispute. As written, this request would arguably require BCBST to locate, search through, compile, and produce *every* communication *ever* exchanged by or between Plaintiff and Brooke Cordell regardless of the subject matter or relevance to the disputed issues in this lawsuit. Such an undertaking is not required by the Federal Rules of Civil Procedure.
>
> Notwithstanding this objection, Defendant will produce non-privileged documents responsive to this request and relevant to the allegations in the Complaint.

*Id*. In response, Plaintiff's counsel agreed to limit the scope of Request No. 14 to "responsive communications exchanged from June 1, 2021, through present." *See* Exhibit A at p. 4. Yet Plaintiff still failed to appropriately tailor or limit the substantive scope of Request No. 14 to matters that are relevant and proportionate to the needs of the case. Accordingly, BCBST proposed to limit the scope of Request No. 14 to communications exchanged between Plaintiff and Brooke Cordell from June 1, 2021 to present "***regarding BCBST's vaccine mandate and/or plaintiff's religious accommodation request related to same***." *See* D.E 20-2 at p. 9 (emphasis added). Despite the objective reasonableness of that proposed limitation, Plaintiff insists that Request No. 14 remain without qualifiers or limitations on the subject matter of communications.

Notwithstanding Plaintiff's patently unreasonable refusal to appropriately tailor the scope of Request No. 14, BCBST searched Plaintiff's former BCBST email account to identify any responsive communications exchanged between Plaintiff and Ms. Cordell. BCBST did not locate any responsive communications and it informed Plaintiff of same. *See* D.E 20-2 at p. 9-10. Although Plaintiff's counsel vaguely referenced that: "We know there are responsive emails" he never provided any details regarding the nature, scope, or whereabouts of any such emails. Yet, when filing the instant motion, Plaintiff attached an email exchanged between Plaintiff and Ms. Cordell from Plaintiff's *personal* email account, exchanged *after* Plaintiff's employment with BCBST ended. *See* D.E 20-7. BCBST first learned of this communication (and first learned that

8

Plaintiff had and/or used a personal Hotmail email account) when Plaintiff attached it as an exhibit to the instant motion. Prior thereto, BCBST had no way of knowing that Request No. 14 expanded to post-termination emails exchanged from Plaintiff's *personal* email address -- to which BCBST does not have access.

Aside from the post-termination exchange already in Plaintiff's possession, BCBST has not located any additional responsive communications between Plaintiff and Ms. Cordell.

* * *

**REQUEST FOR PRODUCTION NO. 16** - In Request No. 16, Plaintiff sought "all documents related to job applications for which Plaintiff applied with Defendant since September 1, 2021. This request includes a written job description with pay information for each position to which Plaintiff applied." *See* D.E. 20-5 at p. 10. BCBST objected to Request No. 16 as:

> "vague and ambiguous because it is unclear what falls under the umbrella of "documents related to job applications," and what documentation -- outside of the job postings and Plaintiff's applications -- would be included in such a reference."

*Id*. Thereafter, BCBST produced job postings and application materials for the positions to which Plaintiff applied as part of her reasonable accommodation to BCBST's vaccine mandate. BCBST produced those documents in exactly the manner as they are stored in the ordinary course and scope of operations. In response, however, Plaintiff insisted that BCBST revise the job postings produced to include pay information. *See* Exhibit A at p. 4. BCBST clarified that compensation information is not included in its job postings. Plaintiff nevertheless maintains that she is entitled to such pay information.

As noted above, it is well-established that FRCP 34(b)(2)(E)(i) requires that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to categories in the request." It is also well-established that Rule 34 does not

9

require that BCBST create or modify documents that otherwise do not exist. BCBST produced responsive documents as they are stored in the ordinary course of business, thereby meeting its obligations under the Federal Rules. This Court should reject Plaintiff's attempt to impose additional obligations beyond those required under the Federal Rules.

**C.** **<u>DISCOVERY SANCTIONS ARE NOT WARRANTED.</u>**

Plaintiff's request for discovery sanctions is not warranted and should be denied. Throughout discovery, BCBST has worked in good faith to resolve the discovery disputes raised by Plaintiff. In fact, the deficiency letter from Plaintiff's counsel initially identified over 20 disputed issues, yet the parties are now down to approximately 6 (most of which have been cured and are thus moot). However, given the nature of this action, the discovery process in this matter has involved, for instance: compiling and reviewing months of communications involving dozens of custodians; the development and application of search terms and date limitations; the use and reliance upon of third-party ESI support; and the retrieval of client records that have been achieved and/or are otherwise stored off sight. BCBST did the best it could under those circumstances to locate, identify, and produce responsive documents to Plaintiff. And throughout discovery, BCBST has complied (and will continue to comply) with its ongoing obligation to supplement responses upon the discovery of additional responsive documents or information. Nevertheless, as demonstrated above, genuine disputes existed between the parties regarding the scope of Plaintiff's requests. The parties resolved as many of those disputes as possible prior to seeking Court intervention, and the few disputes remaining do not warrant the imposition of sanctions.

Sanctions are also not warranted because Plaintiff has not suffered any prejudice -- nor will she. This matter is not set for trial until February 27, 2024 -- 13 full months from now -- and the discovery cutoff is not until September 12, 2023 -- 10 months hence. Accordingly, the Court should

deny Plaintiff's request for sanctions, and instead require that each party bear their own respective costs.

## **CONCLUSION**

For the foregoing reason, this Court should summarily deny Plaintiff's Motion to Compel Discovery, including her request for discovery sanctions.

## **CERTIFICATION OF GOOD FAITH ATTEMPT AT RESOLUTION**

Undersigned counsel has conferred in good faith with counsel for Plaintiff in an effort to resolve this dispute without court action. Although the parties worked together cordially and professionally, a resolution of the issues set forth herein was not reached.

DATED this 5th day of December, 2022

*/s/ Robert E. Boston*
Robert E. Boston (Tenn. BPR # 009744)
Joshua T. Wood  (Tenn. BPR # 035395)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:  (615) 244-6380
bob.boston@wallerlaw.com
josh.wood@wallerlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 5th day of December, 2022, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Douglas S Hamill
Mikel & Hamill PLLC
620 Lindsey Street, Suite 200
Chattanooga, TN 37403
423-541-5400
Email: dhamill@mhemploymentlaw.com

*/s/ Robert E. Boston*
Attorney for Defendant