UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff submits her reply to Defendant's response in opposition (Doc. 22) to Plaintiff's motion to compel discovery (Doc. 19).

Just after 4:00 PM Eastern on December 5, 2022 – the last day for BCBST to respond to Plaintiff's motion to compel – BCBST produced updated discovery responses, including 30 pages of mainly new emails involving key witnesses. (**Exhibit 1**.) While this recent document production satisfies many of Plaintiff's discovery concerns, it does not render Plaintiff's motion moot. The following matters still remain before the Court.

**Request for Production No. 3**

BCBST argues that Rule 34 does not require it to identify by Bates label which documents it believes to be responsive to Request No. 3. In making this argument, BCBST ignores the plain language of Rule 34, which states in pertinent part that the responding party "must organize and label [the documents being produced] to correspond to the categories of the request." Fed.R.Civ.P. 34(b)(2)(E)(i). "Producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34." *See Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb.

2001). "[T]he producing party does have a burden to select and produce the items requested rather than simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought under Rule 34." 8B Wright & Miller, Federal Practice & Procedure § 2213 (3d ed. 2010). *See also Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, 2021 WL 5087362, at *9 (D. Minn. Jan. 5, 2021) (producing party "must reference by bates number which documents respond to which specific Requests for Production of Documents"); *Excellent Home Care Servs., LLC v. FGA, Inc.*, 2017 WL 9732082, at *4 (E.D.N.Y. June 5, 2017) (where documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by [B]ates-number, the documents responsive to each of the requests'") (collecting cases).

In BCBST's supplemental response to Request No. 3 (**Exhibit 2**) recently submitted to Plaintiff on December 5, 2022, BCBST identifies by Bates label some new documents that it produced on December 5. However, its response still contains the following phrase: "in addition to the responsive documents already produced." Plaintiff previously requested BCBST to identify by Bates label which documents it deemed to be "potentially-responsive" to Request No. 3. As for the documents produced before December 5, Defendant still has not done so.

**Request for Production Nos. 5 and 7**

On December 5, 2022, BCBST finally produced documents responsive to these two requests. Before December 5, BCBST had not produced any documents responsive to these requests. Regarding Request No. 5 (communications between HR officials Jennifer Shields and Hal Gault concerning Plaintiff), Plaintiff disputes BCBST's statement that "[b]efore Plaintiff filed

2

the instant motion, BCBST had already produced all the responsive communications between Ms. Shields and Mr. Gault that it had identified." (Response, Doc. 22, PageID#: 129.)

**Request for Production No. 14**

This request seeks communications between BCBST recruiter Brooke Cordell and Plaintiff. It is a straight-forward request because it addresses Plaintiff's search for an internal vacant opening after she requested a religious accommodation in September 2021. Plaintiff had no communications with Cordell prior to September 2021. Despite this straight-forward request, BCBST either did not undertake a search of Cordell's email account or altered its search based upon its own self-imposed limitations. In its response with respect to Request No. 14, BCBST states that it "searched Plaintiff's former BCBST email account to identify any responsive communications exchanged between Plaintiff and Ms. Cordell." (Response, Doc. 22, PageID#: 131.) Why did BCBST not search Cordell's email account? Cordell is an employee of BCBST, and BCBST obviously has access to Cordell's work email account. A search of Cordell's email account would have produced at least one email exchange. (See Doc. 20-7.) BCBST's failure to search Cordell's email account casts doubt about BCBST's diligence in the discovery process.

BCBST cannot claim surprise about the existence of the November 9, 2021 email exchange between Cordell and Plaintiff. (Doc. 20-7.) That same email exchange was submitted to the EEOC via the Public Portal on April 5, 2022, as an exhibit to Plaintiff's rebuttal to BCBST's position statement. BCBST should have received a copy of Plaintiff's rebuttal and this email exchange through the EEOC online portal. Moreover, this email exchange was referenced in paragraph 26 of Plaintiff's Complaint. (Doc. 1, PageID#: 5 – "As Brooke Cordell, BCBST Principal Recruiter, informed Plaintiff in a November 9, 2021 email, "**Unfortunately all positions require the vax now**.") (emphasis in original).

3

Regardless of BCBST's prior awareness, it did not undertake the necessary due diligence to locate responsive documents. Even since the filing of this motion, BCBST has not produced a Bates labeled copy of this email exchange, which would be helpful in authenticating the email communication for admissibility purposes.

**Request for Production No. 16**

BCBST argues that Plaintiff requests it to "revise the job postings produced to include pay information." (Response, Doc. 22, PageID#: 132.) That is not true. In answering BCBST's apparent confusion as to what category of documents are encompassed in Request No. 16, Plaintiff advised BCBST in her September 1, 2022 letter that "[t]his request includes pay information for each job." (Doc. 22-1, PageID#: 140.) Since September 1, Plaintiff has reiterated her request for pay information no less than three times. BCBST never responded.

Like Plaintiff's other requests, this request is straight-forward and simple. Plaintiff seeks some form of documentation showing the pay or salary amount for each BCBST position to which Plaintiff has applied since September 1, 2021. (Plaintiff only applied for two internal positions in the fall of 2021.) Plaintiff is not insisting that the pay information be written on the job description or that it be in any prescribed form. BCBST surely has the pay information recorded in some written format – whether in its database or on some document. Pursuant to Rule 34, BCBST should be compelled to produce such pay information.

**Discovery Sanctions**

Discovery sanctions are warranted for several reasons. First, it apparently required the filing of a motion to compel in order for Plaintiff to receive basic discovery, despite her repeated requests. BCBST never offered any explanation as to why it failed to comply with the rules regarding witness information under Rule 26(a)(1) and interrogatory verifications. Second,

4

BCBST offered no explanation why it took over five months to produce documents responsive to Request Nos. 5 and 7, which involved the production of emails between key witnesses. Third, BCBST's lack of diligence in searching for responsive documents – as the Brooke Cordell email search indicates – and BCBST's lack of response to Plaintiff's repeated attempts to avoid filing a motion to compel support sanctions. Fourth, BCBST's characterization of an on-going clarification process to determine or narrow the scope of Plaintiff's discovery requests is not accurate. BCBST sent only one communication to Plaintiff addressing discovery issues – a letter dated October 10, 2022. (Doc 20-2, PageID#: 100.) Thereafter, Plaintiff followed up with BCBST by emails and voicemails regarding discovery deficiencies, but BCBST never responded. After October 10, BCBST never indicated that it was confused about the discovery being sought. It simply was silent. In summary, BCBST has not carried its burden of showing that its discovery delay was "substantially justified."

Where a motion to compel is granted or if the requested discovery is provided after the motion was filed, the moving party is entitled to monetary sanctions unless the non-moving party shows that its nondisclosure or response was "substantially justified" or the Court finds that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). BCBST argues that sanctions are not warranted because Plaintiff has not suffered any prejudice. But proof of prejudice to Plaintiff caused by BCBST's delay is not required under Rule 37(a)(5).

> A claim that a party was not prejudiced by any delay caused by deficient responses "diminish[es] the primary purpose of Rule 37(a)(5)'s fee-shifting provisions, which is to minimize courts becoming involved in the discovery process and encourage all parties to be as forthcoming as possible during the discovery process." *Weaver*, 2019 WL 1495279, at *3. "'Prejudice to the merits of the party's cause is not required' to be entitled to Rule 37(a)(5) expenses." *Id.* (quoting *Cal Dive Int'l, Inc. v. M/V Tzimin (ex Stena Seahorse)*, 127 F.R.D. 213, 217 (S.D. Ala. 1989)). In fact, "forcing parties to resort to the courts to resolve discovery disputes, and forcing courts to do so, are their own 'prejudices' that Rule 37(a)(5) sought to deter." *Id.*

5

*KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

Regardless of whether a showing of prejudice is required, contrary to BCBST's suggestion, Plaintiff has been prejudiced by BCBST's discovery delay. She has been forced to spend time and money in filing a motion to compel because her repeated requests for BCBST's discovery compliance had gone unanswered. Plaintiff went to great lengths to avoid the Court's intervention, but she obtained partial relief only after filing a motion to compel. Such prejudice warrants sanctions under Rule 37(a)(5).

        Respectfully submitted,

        **MIKEL & HAMILL PLLC**

By:   s/ *Doug S. Hamill*
      Doug S. Hamill, BPR No. 022825
      Attorney for Plaintiff
      620 Lindsay Street, Suite 200
      Chattanooga, TN 37403
      (423) 541-5400
      dhamill@mhemploymentlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on the 7th day of December, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       By:   s/ *Doug S. Hamill*