UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION *IN LIMINE* TO ALLOW LEADING QUESTIONS PURSUANT TO RULE 611(c)(2)

Comes Plaintiff, pursuant to Rule 611(c)(2) of the Federal Rules of Evidence, and moves for a pre-trial Order permitting Plaintiff's counsel to ask leading questions of witnesses identified with the Defendant, including current management-level employees. In her case-in-chief, Plaintiff intends to call more than one witness who is currently employed by Defendant and potentially one witness who was formerly employed by Defendant in its human resources department. These witnesses include Mike McPherson (Plaintiff's former supervisor), Jennifer Shields Wilson (former Senior Human Resources Business Partner), Harold Gault (Director of HR Business Partners), and Roy Vaughn (Chief Human Resources Officer).

"Ordinarily the Court should allow leading questions … (2) when a Party calls a hostile witness, an adverse party or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Case law suggests that a managing agent or employee of a party normally is classified as "a witness identified with an adverse party" pursuant to Rule 611(c).

> It seems obvious that, to be "identified" with an adverse party, a witness must have or had some relationship with that party. The statutory predecessor of Rule 611(c), Federal Rule of Civil Procedure 43(b), required a formal legal relationship,

permitting leading on direct only if the witness was "an officer, director, or managing agent" of an adverse party. ***However, the drafters of Rule 611(c) expressly stated their intent to "enlarge the category of persons thus callable."*** As a consequence, the courts have held that a party's employee and girlfriend are sufficiently "identified" with that party to permit leading on direct examination. Similarly, in a criminal prosecution the courts have concluded that an investigating officer and even an informant are "identified" with the prosecution.

28 Fed. Prac. & Proc. Evid. § 6168 (1st ed.)(emphasis added).

"Ordinarily an officer, director, managing agent, or even an employee of a party, and a relative of the party should be considered a witness identified with an adverse party and thus subject to leading questions." 4 Handbook of Fed. Evid. § 611:8 (7th ed.). *See, e.g., Chonich v. Wayne County Cmty. Coll.*, 874 F.2d 359, 368 (6th Cir. 1989) (trial court did not abuse its discretion in allowing plaintiff's attorney to treat former president and personnel director as adverse or hostile witnesses pursuant to Rule 611(c)); *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (trial court abused its discretion in refusing to permit plaintiff to ask leading questions during direct examination of nurse who was employed by defendant and present when the alleged malpractice was committed); *Stryker Corp. v. XL Ins. Am.*, 2020 WL 13441655, at *3 (W.D. Mich. July 29, 2020) (plaintiff allowed to ask leading questions pursuant to Rule 611(c) as to key defense witness who is intimately aligned with the defendants); *Garren v. CVS RX Servs., Inc.*, 2021 WL 781677, at *3 (E.D. Tenn. Mar. 1, 2021) (leading questions allowed under Rule 611(c) as to defense witnesses).

The four defense witnesses Plaintiff seeks to ask leading questions are sufficiently aligned with Defendant for Rule 611(c)(2)'s application. McPherson was Plaintiff's direct supervisor. Defendant has used McPherson's testimony to argue against the reasonableness of Plaintiff's religious accommodation, claiming that continued virtual client interaction would cause an undue hardship on Defendant's business. (See Def. Resp. MSJ pp. 23-24, Doc. 44.) Shields Wilson was

2

Case 1:22-cv-00118-CEA-SKL   Document 52   Filed 01/16/24   Page 2 of 5   PageID #: 1344

involved in communicating Defendant's denial of Plaintiff's religious accommodation request, as well as communications regarding Plaintiff's objections to Defendant's alternative accommodation. (See MSJ Memo. pp. 6-7, Doc. 41.) While Shields Wilson left Defendant's employment in February of 2022, she was represented by Defendant's counsel at her deposition. (See Wilson depo. pp. 8, 10, Doc. 44-8.) Both Vaughn and Gault are current senior management members of Defendant's human resources department. They were heavily involved in formulating Defendant's Covid vaccine mandate protocol for handling accommodation requests. (See MSJ Memo. p. 5, Doc. 41.) Because these four witnesses are inherently aligned with Defendant in this lawsuit, Plaintiff should be allowed to ask leading questions of these witnesses on direct examination.

While Plaintiff should be permitted to ask leading questions of these defense witnesses on direct examination, Defendant should not be permitted to ask leading questions while cross-examining the same witnesses because such examination of closely aligned witnesses would be cross-examination in form only. According to Rule 611(c), leading questions are "ordinarily" permitted on cross-examination. However, the Advisory Committee Notes demonstrate that the Court may prohibit their use when the cross-examination is "in form only." The Notes state, "The purpose of the qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the "cross-examination" of a party by his own counsel after being called by the opponent . . . ." Fed. R. Evid. 611(c), Adv. Comm. Notes.

In the case of *Stryker Corp. v. XL Ins. Am.*, 2020 WL 13441655 (W.D. Mich. July 29, 2020), the court addressed this very issue. A witness named Daly was the defendant's principal agent in a meeting that was at the crux of the legal dispute. As such, the court noted that "[Daly]

3

is a witness directly aligned with [the defendant]." *Id*. at *3. The court further stated, "While [the defendant] will technically be cross-examining Daly, the Court finds that [the defendant] is not permitted to ask leading questions of Daly. There is no absolute right of a friendly party to ask leading questions." *Id*. (citing *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir. 1978)). The court explained its ruling based upon Rule 611(c) and its Advisory Committee Notes, noting denial of the use of leading questions "when the cross-examination is cross in form only, and not in fact." *Id*. at *3. The court in *Stryker Corp.* further reasoned:

> While Daly is no longer an employee of XL, he is one of XL's key witnesses, if not XL's main witness. It is Daly's state of mind and actions at the settlement conference that are central to the issues before the jury. Daly's interests, for the purpose of this case and the question to the jury, are the same as XL's interests. Because Daly is so closely aligned with XL, the Court finds that XL's examination of Daly is much closer to direct examination than cross examination. Therefore, the Court finds that XL is not entitled to ask leading questions of Daly on its "cross" examination.
>
> *Stryker Corp.*, 2020 WL 13441655, at *4.

The same reasoning applies to this case. The defense witness's interests are the same as Defendant's interests. Because these witnesses are so closely aligned with Defendant, cross-examination by defense counsel is much closer to direct examination of a "friendly" witness. Therefore, Plaintiff requests the Court to prohibit defense counsel from using leading questions when cross-examining the defense witnesses that Plaintiff calls in her case-in-chief.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Doug S. Hamill*