UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

### MOTION *IN LIMINE* TO EXCLUDE WRITTEN COMMUNICATION BETWEEN LYNN BENTON AND SANDRA FAULKNOR

Plaintiff, through her counsel, moves for a pre-trial ruling to exclude as inadmissible the two-page written document purportedly reflecting communication between Lynn Benton and Sandra Faulknor (Doc. 44-9) (hereinafter referred to as "the Communication"). Defendant has listed the Communication as Exhibit 22 on its trial exhibit list as an exhibit it intends to introduce at trial. (Doc. 47.) For grounds to exclude this evidence at trial, Plaintiff submits as follows.

As part of its summary judgment response, Defendant filed the Communication, which purportedly reflected a May 24, 2022 exchange between Lynn Benton (Plaintiff's estranged sister-in-law employed by Defendant) and Sandra Faulknor (legal assistant employed by Defendant). (Doc. 44-9.) In response to Plaintiff's objection to the Communication's admissibility at the summary judgment stage, Defendant belatedly requested the Court's permission to file the declaration of Sandra Faulknor. (Doc. 48.) According to the Faulknor declaration, the Communication was originally made via instant messaging through the Microsoft Teams application. (Doc. 48-1, Faulknor decl. ¶ 3.) Faulknor supposedly copied the Teams instant messaging thread "verbatim" and pasted it into a Word document, the .pdf version now appearing as Doc. 44-9. (Faulknor decl. ¶ 4.) Lynn Benton is an

employee of Defendant and Plaintiff's sister-in-law. (Id. ¶ 3.) Faulknor's declaration is silent as to whether the original Microsoft Teams instant messaging thread still exists.

The Communication is inadmissible for multiple reasons. First, the Communication is inadmissible hearsay. Defendant attempts to introduce the Communication (an out-of-court statement) to prove the truth of the matter asserted by a non-party declarant Lynn Benton, *i.e.*, that Plaintiff does not have sincerely held religious beliefs. Defendant made this very argument in its summary judgment response. (See Doc. 44, PageID#: 500.) The Communication squarely meets the definition of hearsay in Evidence Rule 801(c) and is therefore inadmissible under Rule 802. No hearsay exception applies, nor does Defendant offer any hearsay exception.

Second, Evidence Rule 1002 warrants exclusion. Rule 1002 requires an original writing to prove its contents unless the evidence rules or a federal statute provides otherwise. The Communication is not an original version of the purported exchange between Lynn Benton and Sandra Faulknor. The original contents were in the form of a Microsoft Teams instant messaging thread. The Communication is not simply a photocopy of the original thread. It is a wholesale manipulation of the original into a completely different software application and format. The exceptions to Rule 1002 – which are largely found in Rule 1004 – do not apply. For example, there is no indication that the original instant messaging thread was lost or destroyed by either Sandra Faulknor or Lynn Benton – both of whom are employees of Defendant. See Rule 1004(a). Nor is there any indication that the original instant messaging thread cannot be obtained by judicial process. See Rule 1004(b).

Finally, Defendant's attempt to cloak the Communication under the attorney-client privilege and then use it as a "sword" in its defense should not be tolerated. This Court has repeatedly warned parties against using a legal privilege as both a shield and a sword. *See, e.g., Loyd v. Saint Joseph*

2

*Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) ("a party may not use an applicable privilege as both a sword and a shield"). While Defendant labeled the Communication as "attorney-client privileged," Lynn Benton's communication arguably is not so protected. There is no indication from the Communication that Lynn Benton was soliciting legal advice. Rather, she was simply providing an unsolicited opinion as to Plaintiff's religious beliefs. Legal assistant Faulknor asked no questions.

This scenario is similar to a fact witness relaying her own facts or opinions regarding a pending legal claim to an attorney in an interview or in the form of a sworn statement. This Court has repeatedly held that fact witness statements (whether in the form of an affidavit or video recording) are not protected by legal privilege and must be disclosed in discovery. "[S]worn witness statements and affidavits are evidence; they are a witness's own statement and are not protected by the work product doctrine." *Trustees of Plumbers & Steamfitters Loc. Union No. 43 Health & Welfare Fund v. Crawford*, 573 F. Supp. 2d 1023, 1028 (E.D. Tenn. 2008). *See also Nam v. U.S. Xpress, Inc.*, 2012 WL 12840094, at *2 (E.D. Tenn. May 15, 2012) (requiring disclosure in discovery of videotaped interview of witnesses on grounds that the majority of district courts have held that witness statements are not protected by the work product privilege); *Basaldu v. Goodrich Corp.*, 2009 WL 1160915, at *2 (E.D. Tenn. Apr. 29, 2009) (requiring the disclosure in discovery of witness affidavits and noting the unfairness of allowing a party to withhold such evidence until responding to a motion for summary judgment). Thus, the attorney-client privilege and the work product doctrine do not shield Lynn Benton's communication from disclosure in discovery.

"In cases where a party culpably fails to produce documents in response to a discovery request, sanctions are warranted under Rule 37(d)." *Robinson v. Henderson*, 2019 WL 13217264, at *2 (W.D. Ky. May 24, 2019) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)). *See also Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145 & n.5 (N.D. Ill. 1982) (noting

that "a culpable failure to produce documents in response to a request to produce can be the basis for sanctions under Fed.R.Civ.P. 37(d)" and that "dilatory and partial compliance" with a request to produce does not remove a case from the ambit of Rule 37(d)). Rule 37(d) lists sanctions allowed under Rule 37(b)(2)(A). One such sanction includes "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(ii).

In this case, in late June 2022 Plaintiff propounded Rule 34 document requests to Defendant. (See Doc. 20-3.) Request number 20 asked Defendant to produce "witness statements, affidavits, declarations, or any document written or signed by a fact witness" regarding the claims or defenses asserted in the case. (See Doc. 20-5, PageID#: 118.) The Communication, containing a fact witness statement, is a document responsive to Plaintiff's discovery request. Yet Defendant chose to withhold the Communication from disclosure, ostensibly under a claim of legal privilege. However, BCBST waived the legal privilege by filing the Communication with the Court in opposition to Plaintiff's summary judgment motion. Given the circumstances, Rule 37(d) allows for the document to be excluded from evidence as it should have been disclosed during discovery.

In summary, the Communication should be excluded at trial under Evidence Rules 802 and 1002. Additionally, Civil Procedure Rule 37 allows for the exclusion of the Communication as an appropriate sanction for failing to disclose the responsive document in discovery.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By:   s/ *Doug S. Hamill*
     Doug S. Hamill, BPR No. 022825
     Attorney for Plaintiff
     620 Lindsay Street, Suite 200
     Chattanooga, TN  37403
     (423) 541-5400
     dhamill@mhemploymentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Doug S. Hamill*