IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
|     Plaintiff, | ) ) ) ) Case No. 1:22-cv-00118-CEA-SKL |
| v. | ) ) Judge Charles E. Atchley, Jr. ) Magistrate Judge Susan K. Lee |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) ) JURY DEMAND ) |
|     Defendant. | ) |

**DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE INC.'S
MOTION IN LIMINE NO. 2 — TO EXCLUDE PLAINTIFF'S TESTIMONY
THAT INTERFACING WITH CLIENTS IN-PERSON
WAS NOT AN ESSENTIAL FUNCTION OF HER JOB**

Defendant BlueCross BlueShield of Tennessee, Inc. ("Defendant"), by and through its undersigned attorneys, hereby moves in limine to exclude Plaintiff Tanja Benton's ("Plaintiff's") opinion testimony regarding whether interfacing with clients in-person was an essential function of her job. The Court should exclude the testimony: (1) pursuant to Federal Rule of Evidence 701 because the opinion will not aid the trier of fact; and (2) because Plaintiff cannot lay the proper foundation for the opinion.

### I. LEGAL STANDARD

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). Accordingly, a district court's decision to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp.

680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose," and in this vein, a district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 U.S. Dist. LEXIS 102854, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 U.S. Dist. LEXIS 50002, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

## II. ARGUMENT

Plaintiff has argued that interfacing with clients in-person was not an essential function of her job. (*See* Memo. in support of Mot. Summ. J. at 22–23, Docket Entry ("D.E.") 41). The statement, if introduced into evidence, is a lay opinion embracing an ultimate issue—whether Defendant could have offered Plaintiff an accommodation without suffering undue hardship. While lay opinion testimony embracing an ultimate issue is not *per se* inadmissible, *see* Fed. R. Evid. 704(a), it is inadmissible if the testimony would not be helpful to the trier of fact. *See* Fed. R. Evid. 701(b).

The Sixth Circuit generally regards lay opinion testimony embracing an ultimate issue as unhelpful to the trier of fact because the jury, armed with the facts underlying the opinion (and necessary to establish its foundation) render "the jury's opinion . . . as good as the witness'[.]" *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir. 1986) ("seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'").

2

"If a handful of discrete facts form the basis of the opinion, the witness usually will be most helpful by stating those facts and allowing the jury to form its own opinion." *United States v. Phillips*, 872 F.3d 803, 810 (6th Cir. 2017).

Here, Plaintiff can testify to her job responsibilities. She can testify about why, prior to the COVID-19 pandemic, she presented to Defendant's clients in-person (to the extent the facts are within the scope of her personal knowledge). Likewise, she can testify about her opinion regarding whether the presentations were valuable, if she can lay proper foundation for the same. But she cannot merely conclude that meeting with clients in-person was not essential to her job and was a duty capable of being accommodated without causing Defendant undue hardship—that is a judgment reserved for the jury.

Moreover, the Court should exclude the testimony because Plaintiff cannot lay proper foundation for her to opine on the subject. The facts evidencing whether Defendant could remove Plaintiff's in-person responsibilities without suffering undue hardship are not within the scope of Plaintiff's personal knowledge. To provide the opinion, Plaintiff would have to know the degree of hardship Defendant would suffer to its business. The manner in which Plaintiff's requested accommodation would affect Defendant's bottom-line and ability to provide best-in-class service is within the knowledge of Defendant's executives—not Bio-Statistical Research Scientists like Plaintiff. Thus, even if the Court were to permit Plaintiff to offer an opinion regarding the essential nature of her in-person interactions, she could not lay the proper foundation for the same.

Here, Plaintiff may provide fact testimony regarding her job duties. She may utilize appropriate witnesses to introduce fact testimony regarding Plaintiff's job position and the relative importance of Plaintiff's various duties to Defendant's business. But Plaintiff cannot opine on whether interfacing with clients in person was or was not essential to Defendant. The testimony

embraces an ultimate issue—whether Defendant could reasonably accommodate Plaintiff without suffering undue hardship—and would lack foundation. It is a judgment for the jury to render based on the facts introduced at trial, and Plaintiff's opinion on the same would not aid the trier of fact.

Dated this 16th day of January, 2024.

/s/ Robert E. Boston
Robert E. Boston (TN BPR No. 009744)
Joshua T. Wood (TN BPR No. 035395)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
bob.boston@hklaw.com
josh.wood@hklaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 16, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

Douglas S. Hamill
Mikel & Hamill PLLC
620 Lindsey Street, Suite 200
Chattanooga, TN 37403
423-541-5400
Email: dhamill@mhemploymentlaw.com

            /s/ Robert E. Boston
             Robert E. Boston