IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-00118-CEA-SKL |
| v. | ) |
| | ) Judge Charles E. Atchley, Jr. |
| | ) Magistrate Judge Susan K. Lee |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

**DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE INC.'S
MOTION IN LIMINE NO. 3 — TO EXCLUDE PLAINTIFF'S TESTIMONY
DENYING THAT DEFENDANT OFFERED PLAINTIFF AN ACCOMMODATION**

Defendant BlueCross BlueShield of Tennessee, Inc. ("Defendant"), by and through its undersigned attorneys, hereby moves in limine to exclude testimony of Plaintiff Tanja Benton ("Plaintiff") to the extent she provides the opinion that Defendant did not offer her an accommodation. There is no dispute that Defendant offered Plaintiff accommodations; the question for the jury is whether the accommodations were "reasonable." The Court should reject Plaintiff's attempts to paint Defendant as not having offered any accommodations because: (1) the testimony is opinion not rationally based on Plaintiff's perception; and (2) even if the testimony were admissible as a lay opinion, its prejudicial effect and risk of confusing the issues substantially outweighs its probative value.

I. **LEGAL STANDARD**

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41

n.4 (1984) (citation omitted). Accordingly, a district court's decision to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose," and in this vein, a district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 U.S. Dist. LEXIS 102854, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 U.S. Dist. LEXIS 50002, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

## II.  ARGUMENT

During Plaintiff's deposition, her counsel articulated that "[t]he lawsuit is because the company failed to accommodate for religious accommodation," an explanation echoed later by Plaintiff. (Pl.'s Dep. at 100:14–15, 136:1–24, 267:5–6, DE 44-4). Defendant, however, offered several accommodations in response to Plaintiff's request for a religious accommodation (including, undisputedly, a thirty-day period with public-facing duties removed to seek alternative employment within Defendant not subject to its vaccine mandate); and, as described in Plaintiff's Motion for Summary Judgment, the inquiry is whether the proposed accommodations were reasonable (not whether accommodations were offered). (*See* Memo in support of Mot. Summ. J. at 13–15) (acknowledging Defendant offered Plaintiff thirty days to seek employment within Defendant not subject to its vaccination mandate but arguing that the same was not "reasonable").

Accordingly, any testimony by Plaintiff to characterize Defendant as not having offered an accommodation should be excluded. The prospective testimony is a lay opinion. Pursuant to Federal Rule of Evidence 701(a), lay witness opinion testimony must be "rationally based on the witness's perception." Plaintiff, however, has conceded that that Defendant did offer Plaintiff an accommodation—the only question is whether the offered accommodation was "reasonable."

Similarly, the evidence is excludable under Federal Rule of Evidence 403. The testimony has no probative value (as, by Plaintiff's own admission, the contention is untrue). But the testimony presents substantial risk of prejudicing Defendant and confusing the issues. Painting Defendant as if it offered no accommodation at all is likely to engender resentment toward Defendant unsupported by the facts, thereby biasing the jury. Moreover, the testimony is likely to confuse the issues, as the jury would focus on if an accommodation was offered, not whether any such accommodation was reasonable and, if not, if Defendant could have otherwise accommodated Plaintiff's purported religious beliefs without suffering undue hardship. Given the testimony has no probative value—it is a mere inflammatory opinion unsupported by factual proof—the risk of prejudice substantially outweighs the testimony's probative value.

For the foregoing reasons, the Court should exclude any testimony suggesting that Defendant offered Plaintiff no accommodation.

Dated this 16th day of January, 2024.

/s/ Robert E. Boston
Robert E. Boston (TN BPR No. 009744)
Joshua T. Wood (TN BPR No. 035395)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219

Telephone: (615) 244-6380
bob.boston@hklaw.com
josh.wood@hklaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 16, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

Douglas S. Hamill
Mikel & Hamill PLLC
620 Lindsey Street, Suite 200
Chattanooga, TN 37403
423-541-5400
Email: dhamill@mhemploymentlaw.com

                /s/ Robert E. Boston
                 Robert E. Boston