IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-00118-CEA-SKL |
| v. ) | |
| ) | Judge Charles E. Atchley, Jr. |
| ) | Magistrate Judge Susan K. Lee |
| BLUECROSS BLUESHIELD OF ) | |
| TENNESSEE, INC., ) | |
| ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

**DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE INC.'S
MOTION IN LIMINE NO. 4 — TO EXCLUDE TESTIMONY DISCUSSING
OTHER EMPLOYEES' ACCOMMODATION REQUESTS**

Defendant BlueCross BlueShield of Tennessee, Inc. ("Defendant"), by and through its undersigned attorneys, hereby moves in limine to exclude any witness's testimony discussing whether accommodations were offered to any of Defendant's employees who were not Biostatistical Research Scientists like Plaintiff Tanja Benton ("Plaintiff"). The Court should exclude the testimony pursuant to Federal Rule of Evidence 403 because the evidence's tendency to mislead the jury substantially outweighs its probative value.

I. **LEGAL STANDARD**

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). Accordingly, a district court's decision to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly

inadmissible for any purpose," and in this vein, a district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 U.S. Dist. LEXIS 102854, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 U.S. Dist. LEXIS 50002, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

## II.     ARGUMENT

Plaintiff may attempt to introduce evidence that, in response to the accommodation requests Defendant received, Defendant offered each employee the same accommodation (none of whom, other than Plaintiff, were Biostatistical Research Scientists with the same public-facing duties as Plaintiff). (*See* Memo. in support of Mot. Summ. J. at 9, Docket Entry ("D.E.") 41). The Court should exclude the evidence pursuant to Federal Rule of Civil Procedure 403, as its prejudicial effect substantially outweighs its probative value.

The evidence has no bearing on Plaintiff's prima facie case. Defendant's responses to other employees' accommodation requests has no tendency to make it more or less likely that: (1) Plaintiff had a sincerely held religious belief; (2) Defendant was aware of Plaintiff's purported religious belief; and (3) that Plaintiff was terminated for refusing to comply with the terms and conditions of her employment that would have required her to violate her religious beliefs. *Cf. Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007) (outlining elements of a prima facie case). Whether Defendant could reasonably accommodate Plaintiff has nothing to do with how employees in other positions were treated; rather, it concerns, among other things, whether

2

removing Plaintiff's in-person responsibilities would pose an undue hardship to Defendant. *See Groff v. DeJoy*, 143 S. Ct. 2279, 2294 (2023).

Offering the evidence is akin to attempting to prove a claim for disparate impact, i.e., Defendant had a policy of offering a particular set of accommodations to its employees with essential public-facing duties who were required to be vaccinated to perform said duties (a neutral policy), which, when the employees would not accept the offered accommodations, had an allegedly discriminatory effect on persons claiming sincere religious beliefs or disability preventing them from becoming vaccinated. Plaintiff, however, has not asserted a disparate impact claim. (*See* Compl., D.E. 1). And, even if she had, the evidence must be contextualized to the relevant labor market, i.e., qualified applicants for BioStatistical research scientist positions; not all employees of Defendant. *See Smith v. Leggett Wire Co.*, 220 F.3d 752, 761 (6th Cir. 2000). Accordingly, not only is the evidence not probative of a claim Plaintiff has asserted, but it is excludable even for the potential (but not alleged) claim for which it could have been probative.

The risk of prejudicial effect, however, is substantial. The evidence—which, again, is not probative of any of the elements of Plaintiff's claims—would likely confuse the jury to believe that Defendant discriminated against Plaintiff, even if Plaintiff fails to meet her burden to put forth a prima-facie case. Similarly, the evidence will likely cause the jury to confuse the issues—believing that the statistics are probative of Plaintiff's claim where they are not. Accordingly, the risk of the evidence's prejudicial effect substantially outweighs its null probative value.

Plaintiff may argue that the evidence is relevant to her request for punitive damages. It is not. Punitive damages are available for "intentional discrimination" undertaken with "malice or with reckless indifference to the federally protected rights of an aggrieved individual." *See Kolstad v. ADA*, 527 U.S. 526, 534 (1999); 42 U.S.C. § 1981a(a)(1). The evidence must be probative of

3
#238239045_v2
Case 1:22-cv-00118-CEA-SKL   Document 58   Filed 01/16/24   Page 3 of 5   PageID #: 1387

the employer's state of mind. *Id.* at 535. Within the Sixth Circuit, statistical evidence—absent an expert's explanation of its explanatory power—is not probative of an employer's state of mind. *See McKissick v. Electrolux Home Prods.*, No. 3:09-cv-01112, 2011 U.S. Dist. LEXIS 111204, at *22–23 (M.D. Tenn. Sept. 28, 2011) (citing *Amini v. Oberlin College*, 440 F.3d 350, 359 (6th Cir. 2006)).

Plaintiff has not proffered any expert contextualization for the statistical evidence. Thus, it has no probative value in connection with her claim for punitive damages. The risk of prejudice previously articulated therefore substantially outweighs the evidence's probative value.

Even if Plaintiff were permitted to introduce the evidence in connection with her claim for punitive damages, the Court should bifurcate trial in order to prevent Plaintiff from introducing the evidence when making her case-in-chief for Defendant's liability. The proof of her damages is entirely distinct from her proof of liability, and the latter should be heard after the jury renders its judgment on liability in order to avoid the risks of prejudice heretofore articulated.

Dated this 16th day of January, 2024.

/s/ Robert E. Boston
Robert E. Boston (TN BPR No. 009744)
Joshua T. Wood (TN BPR No. 035395)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
bob.boston@hklaw.com
josh.wood@hklaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

Douglas S. Hamill
Mikel & Hamill PLLC
620 Lindsey Street, Suite 200
Chattanooga, TN 37403
423-541-5400
Email: dhamill@mhemploymentlaw.com

                                                /s/ Robert E. Boston
                                                 Robert E. Boston