IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case No. 1:22-cv-00118-CEA-SKL |
| v. | ) |
| | ) Judge Charles E. Atchley, Jr. |
| | ) Magistrate Judge Susan K. Lee |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) JURY DEMAND |
| | ) |
|    Defendant. | ) |

## DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE INC.'S MOTION IN LIMINE NO. 5 — TO EXCLUDE TESTIMONY THAT: (1) VACCINATION AGAINST COVID-19 WAS NOT A REQUIREMENT OF PLAINTIFF'S EMPLOYMENT, AND (2) PLAINTIFF WAS NOT "PUBLIC FACING"

Defendant BlueCross BlueShield of Tennessee, Inc. ("Defendant"), by and through its undersigned attorneys, hereby moves in limine to exclude any witness's testimony disputing that vaccination against COVID-19 was a requirement of Plaintiff's employment as of August 27, 2021, or that Plaintiff was not a public-facing employee. The Court should exclude the testimony pursuant to Federal Rule of Evidence 403 because the evidence's tendency to confuse the issues and mislead the jury substantially outweighs its probative value.

### I.    LEGAL STANDARD

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). Accordingly, a district court's decision to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp.

680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose," and in this vein, a district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 U.S. Dist. LEXIS 102854, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 U.S. Dist. LEXIS 50002, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

## II. ARGUMENT

Plaintiff may seek to introduce testimony that either: (1) vaccination against COVID-19 was not a requirement of her employment; or (2) that she was not a "public-facing" employee. The testimony should be excluded because its tendency to mislead the jury and confuse the issues substantially outweighs its probative value.

Plaintiff acknowledges that, as of August 27, 2021, vaccination against COVID-19 was a requirement of her employment. (*See* Compl. ¶ 15, Docket Entry ("D.E.") 1). Moreover, Plaintiff acknowledges that, prior to the COVID-19 pandemic, she interfaced directly with clients during annual meetings. (*See* Memo. in support of Mot. Summ. J. at 3, D.E. 41). Accordingly, vaccination was a requirement of her employment, and she was an employee with public-facing responsibilities—any evidence contrarily framed is necessarily misleading.

A jury, however, is likely to confuse the issues if witness testimony is couched in terms of the requirements of Plaintiff's employment or her status as "public facing." The testimony confuses the relative burdens of the parties and, as a result, is likely to mislead the jury. This case

#238737184_v1
Case 1:22-cv-00118-CEA-SKL   Document 59   Filed 01/16/24   Page 2 of 6   PageID #: 1391

is not about whether Plaintiff should have been subject to Defendant's vaccine mandate. She was. If Plaintiff proves her prima facie case, then the case is about whether Defendant could have reasonably accommodated Plaintiff's purported religious beliefs without suffering undue hardship. Discussions of whether vaccination was a requirement of Plaintiff's employment or if Plaintiff was public facing confuse the issues—the testimony encourages the jury to make a normative judgment about whether Defendant's vaccine policy was good or bad in its application to Plaintiff, not whether Defendant could have reasonably accommodated Plaintiff without suffering undue hardship. The effect is prejudicial, distracting the jury from the material facts at issue.

Plaintiff may, however, introduce testimony that—given the nature of her public-facing responsibilities, Defendant could have offered her additional reasonable accommodations including, for example, having other Biostatistical Research Scientists meet with the clients to whom Plaintiff was assigned if those clients requested in-person meetings.[1] The evidence is relevant to Defendant's defenses, but it is not probative of Plaintiff's prima-facie case.

Moreover, delineating the purpose for which the testimony may be introduced is critical to ensuring that Plaintiff's witnesses have personal knowledge of the facts to which they are testifying—thereby avoiding the testimony's propensity to mislead the jury. For example, Plaintiff intends to offer Tony Pepper as a witness at trial. (*See* Pl.'s Witness List, D.E. 30). Tony Pepper is Defendant's former Regional Director of Major Accounts. (Decl. Tony Pepper ("Pepper Decl.") ¶ 3, D.E. 40-21). Mr. Pepper does have some personal knowledge about presentations that employees like Plaintiff delivered to Defendant's clients, albeit such knowledge is far more limited than he describes in his Declaration. (*See Id.* ¶ 5, 7). Mr. Pepper, however, was not Plaintiff's

---

[1] Defendant, of course, disputes the truth of the potential testimony. Defendant's position is that the potential accommodation would impose an undue hardship, and that the accommodations Defendant offered were reasonable and thus sufficient.

supervisor, does not have personal knowledge of the full scope of Defendant's job responsibilities or how it was determined to which clients she would be assigned. (*See id.* ¶¶ 5–8) (admitting that he oversaw Account Executives, who acted as the main point of contact for clients to whom employees like Benton would present on what was, typically, an annual basis); (Dep. Mike McPherson, Ex. 3 to Def.'s Resp. Mot. Summ. J., at 17:5–18:24, 118:5–119:16, D.E. 44-3) (identifying himself as Plaintiff's supervisor, in his role leading Defendant's client consulting team, and identifying Plaintiff as having essential public-facing responsibilities).

Accordingly, to avoid confusing the jury, Mr. Pepper (like other witnesses) should not be permitted to testify to the requirements of Plaintiff's job position and whether she was properly identified as public-facing. Specifically, with respect to Mr. Pepper, he has no personal knowledge of the requirements of Plaintiff's employment and why she was designated as public facing, and he should not be permitted the opportunity to testify to the same. To the extent he is permitted to testify, his testimony should be limited to his personal knowledge of Plaintiff's role and Plaintiff's participation in client presentations, if he has any such knowledge.

For the reasons discussed above, no witness should be permitted to testify that vaccination against COVID-19 was not a requirement of Plaintiff's employment as of August 27, 2021, or that Plaintiff did not have what Defendant deemed to be essential, public-facing responsibilities. In the event the Court denies the Motion as a general matter, the Court should grant the Motion in part with respect to Tony Pepper, as his testimony to the same has less probative value given his lack of personal knowledge.

Dated this 16th day of January, 2024.

/s/ Robert E. Boston
Robert E. Boston (TN BPR No. 009744)
Joshua T. Wood (TN BPR No. 035395)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     (615) 244-6380
bob.boston@hklaw.com
josh.wood@hklaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 16, 2024, a copy of the foregoing document was served via the Court's electronic filing system.

Douglas S. Hamill
Mikel & Hamill PLLC
620 Lindsey Street, Suite 200
Chattanooga, TN 37403
423-541-5400
Email: dhamill@mhemploymentlaw.com

                /s/ Robert E. Boston
                 Robert E. Boston