UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TANJA BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| | ) |
| BLUECROSS BLUESHIELD OF | ) |
| TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 2

Plaintiff opposes Defendant's Motion in Limine No. 2 to exclude Plaintiff's testimony that in-person interactions with clients was an essential job function. Defendant's argument that such testimony would fall under Rule 701 is without merit.

Courts have long held that whether a job function is essential is a question of fact. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014) (in ADA context, "whether a job function is essential is a question of fact"). The essential nature of a particular job duty is established by factual evidence rather than, for example, witness opinion as to whether a certain action or behavior was the cause of harm. Rule 701 addresses opinion testimony of a lay witness. It does not address fact testimony. Therefore, Rule 701 is not applicable to Plaintiff's testimony about whether physical in-person communications with clients was an essential function of her job.

According to Defendant, testimony that in-person client interaction was not an essential function of Plaintiff's job is a lay opinion embracing the ultimate issue of whether Defendant could have granted Plaintiff's accommodation request without suffering undue hardship. This is a leap too far. Plaintiff, through her own testimony as well as testimony of others familiar with her job,

can certainly testify as to whether in-person client communication was an essential job function. Evidence that communicating in-person with clients was not essential to Plaintiff's role is certainly relevant as to whether allowing Plaintiff's accommodation request to communicate with clients remotely was reasonable, and in turn, did not constitute an undue hardship.

Defendant argues that Plaintiff has no personal knowledge of facts relating to whether granting her request would constitute an undue hardship. According to Defendant, "The manner in which Plaintiff's requested accommodation would affect Defendant's bottom-line and ability to provide best-in-class service is within the knowledge of Defendant's executives – not Bio-Statistical Research Scientists like Plaintiff." Defendant is simply wrong.

Defendant's executives have no knowledge of Plaintiff's job duties or how she was able to provide exceptional service to her clients for 18 months while doing so exclusively via remote means. On the other hand, Plaintiff can testify based on personal knowledge that her services rendered to clients were in no way hampered by remote communications. Plaintiff will testify that she received no negative feedback from clients or her superiors regarding her remote versus in-person client interactions over the 18-month period that she communicated remotely with clients. (Pl. depo. p. 101.)[1] There were no conversations with managers about the possibility of resuming in-person client meetings in the near future. (Id. at 342.) Plaintiff's managers never indicated that clients were requesting or wanting in-person meetings. (Id.) Importantly, Plaintiff received no input from clients or managers that there was a difference in the quality of client meetings due to her remote interactions. (Id. at 343-44.)

With respect to how Plaintiff's accommodation request would "affect Defendant's bottom-line," even Defendant has no proof of economic injury or harm to client relationships. Plaintiff's

---

[1] Plaintiff's deposition transcript can be found at Doc. 44-4.

2

supervisor admitted that he had no evidence that Defendant lost money because Plaintiff was interacting remotely with her clients versus interacting physically in-person. (McPherson depo. p. 63.)[2] To the contrary, Plaintiff's supervisor testified that Defendant still was able to maintain its competitive advantage while interacting remotely with clients. (Id. at 81.)

In summary, Plaintiff should be allowed to testify that in-person interactions with clients was not an essential function of her job. Such testimony is not an opinion on an ultimate issue, and Rule 701 does not apply.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Doug S. Hamill*

---

[2] The deposition transcript of Mike McPherson can be found at Doc. 44-3.