UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TANJA BENTON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) |
| Defendant. | ) |

## RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 3

Defendant's Motion in Limine No. 3 seeks to exclude Plaintiff from testifying that Defendant did not offer her an accommodation. Defendant's motion appears to turn upon semantics, i.e., whether the term "accommodation" implies to the average juror that the accommodation is "reasonable." Defendant's motion goes too far, and therefore, Plaintiff opposes it.

Throughout this lawsuit, Plaintiff has never denied that BCBST offered an alternative proposal after it rejected Plaintiff's initial proposed religious accommodation request. BCBST characterized its alternative proposal as an "accommodation." The parties do not now, nor have they ever, disputed the alternative proposal offered to Plaintiff or the contents thereof. BCBST's proposal was set forth in a September 21, 2021 email, which Plaintiff filed with Court in support of her summary judgment motion. (Doc. 40-3.) At trial, Plaintiff intends to introduce this same email, which Plaintiff has listed as Exhibit 4 in her final pretrial disclosures. (Doc. 46.) BCBST is correct that an important dispute in this case is whether BCBST's alternative proposal constitutes a reasonable accommodation under Title VII.

In this motion, Defendant seeks to prevent "Plaintiff's attempts to paint Defendant as not having offered any accommodations." Defendant argues that "any testimony by Plaintiff to characterize Defendant as not having offered an accommodation should be excluded." Plaintiff has no intention of denying that BCBST offered the proposal set forth in the September 21, 2021 email. However, Plaintiff does not view the proposal as a true "accommodation" because she contends that it is not reasonable. In other words, Plaintiff contends that BCBST's proposal did not provide a workable solution to her religious objection to the company's Covid vaccine mandate. It is understandable that a lay person such as Plaintiff (or members of the jury) would interpret the term "accommodation" in the vernacular to have the definition found in the Merriam-Webster dictionary: "the state of being accommodated; such as: the providing of what is needed or desired for convenience."[1] Such a vernacular meaning implies that an accommodation is reasonable because it provides what is needed or desired.

BCBST appears to insist that its proposal be labeled an "accommodation." However, the term "accommodation" is not defined within Title VII. Neither the EEOC nor courts within the Sixth Circuit have ever defined the term "accommodation" in this context. Rather, only the term "reasonable accommodation" has been legally defined under Title VII. *See, e.g.,* 29 C.F.R. § 1605.2(c); *Smith v. Pyro Mining Co.,* 827 F.2d 1081, 1085 (6th Cir. 1987); *Reed v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.,* 523 F.Supp.2d 592, 599 (E.D. Mich. 2007). Defendant is certainly free to use the term "accommodation" to describe the proposal it offered to Plaintiff. However, Plaintiff should not be forced to use the same word, particularly if there is a risk that such term would give a false impression to the jury that she is conceding that the proposal was reasonable. Again, Defendant's motion essentially turns upon the semantics of an undefined

---

[1] https://www.merriam-webster.com/dictionary/accommodation (visited on 1/17/24).

2

Case 1:22-cv-00118-CEA-SKL   Document 62   Filed 01/23/24   Page 2 of 3   PageID #: 1404

word under Title VII jurisprudence. Plaintiff therefore opposes Defendant's efforts to select what label she chooses to describe Defendant's alternate proposal.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Doug S. Hamill*