UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TANJA BENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00118-CEA-SKL |
| | ) | |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 5

Defendant's Motion in Limine No. 5 seeks to exclude testimony disputing that Covid vaccination was a requirement of Plaintiff's employment in late August 2021 or that Plaintiff was not a public-facing employee. Defendant argues that such evidence should be excluded under Rule 403.

Plaintiff is confused as to why Defendant anticipates testimony denying that Defendant mandated Covid vaccination as a requirement for Plaintiff's job in August 2021. This fact is undisputed. Indeed, it is a necessary element of Plaintiff's prima facie case. There is no need for a motion in limine on this narrow issue.

As for the "public-facing" issue, there is no dispute that Defendant placed Plaintiff in the "public facing" category, and therefore, subjected Plaintiff to the Covid vaccination mandate. However, testimony challenging whether Plaintiff should have been placed in the category of a "public facing" role is relevant to two central questions: (1) whether Defendant provided Plaintiff with a reasonable accommodation and (2) whether granting Plaintiff's initial accommodation request would have constituted an undue burden.

Plaintiff will offer testimony – including the testimony of former Regional Director of Major Accounts, Tony Pepper – that she could (and did for 18 months) satisfactorily interface with third-party clients by remote means. Thus, while her job did involve limited interaction with third parties (i.e., and therefore could be described generally as "public facing"), *physical in-person* interaction was not necessary. Because her limited "public facing" role could be achieved 100% remotely, she posed no risk of spreading Covid to third parties. This evidence is relevant to support Plaintiff's argument that her original request to continue her limited "public facing" duties remotely would not constitute an undue hardship. Moreover, before she was fired, Plaintiff raised the issue with Jennifer Shields and Hal Gault as to whether she had been mistakenly classified as "public facing" and therefore subject to the Covid vaccine mandate. (Pl. depo.[1] pp. 106-07, 271-72; Shields depo.[2] p. 83.)

Defendant specifically seeks the exclusion of Tony Pepper's testimony that Plaintiff should not have been classified as "public facing." Plaintiff assumes that Defendant is referencing paragraph 12 of Mr. Pepper's declaration, which states:

> With respect to Tanja Benton, in my opinion, it was not necessary for her to be classified as "customer facing." Dr. Benton had several Major Account customers with whom she worked with my account management team. I base my opinion on the fact that she performed her role remotely during customer meetings from the date all employees in our department were moved to 100% telework until I retired on October 4, 2021. As many employer groups were sending employees home to work remotely, the avenue utilized for meetings that were typically done face-to-face were subsequently conducted virtually. This trend grew quickly and was seen as the most appropriate way to handle such meetings, and every stakeholder was agreeable to this new process of interacting remotely.

(Doc. 40-21.)

Because of Mr. Pepper's unique position, he – like Plaintiff's supervisor, Mike McPherson – has personal knowledge of how Plaintiff and other analytical staff members interacted remotely with

---

[1] Plaintiff's deposition transcript can be found at Doc. 44-4.
[2] The deposition transcript of Jennifer Shields Wilson can be found at Doc. 44-8.

clients during the 18-month period that all client interactions were conducted remotely. (Pepper decl. ¶¶ 14-17.) Rule 403 does not bar a witness like Mr. Pepper from testifying about what he directly observed or stating an opinion based upon his personal knowledge and observations. Just as Defendant will surely claim that Mike McPherson can offer an opinion as to whether Plaintiff was properly classified as "public facing," so too can Tony Pepper. Defendant's arguments merely go to the weight of the testimony, which the jury will determine. This is not an appropriate Rule 403 issue.

Respectfully submitted,

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Doug S. Hamill*