UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TANJA BENTON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00118-CEA-SKL |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR SUPPLEMENTAL STATUTORY
ATTORNEY FEES AND TAXABLE COSTS AND
FOR ENTRY OF FINAL AMENDED JUDGMENT**

Comes Plaintiff, pursuant to Rules 54(d)(2) and 59(e) of the Federal Rules of Civil Procedure, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, 28 U.S.C. § 1920, and the Memorandum Opinion and Order (Doc. 112) and Amended Judgment Order entered by this Court on January 31, 2025 (Doc. 113), and requests the Court for an additional award of statutory attorney fees and costs incurred responding to Defendant's post-trial motions. Specifically, Plaintiff requests a lodestar award of $7,785 in supplemental statutory attorney fees and a supplemental award of costs in the amount of $528. Furthermore, Plaintiff requests approval of her previously filed bill of costs (Doc. 95), which is unopposed by Defendant, in the amount of $5,038.20.

**Post-Trial Attorney Fees**

Following Plaintiff's submission of her motion for interim statutory attorney fees (Doc. 100), Defendant filed a Rule 50(b) motion (Doc. 104), to which Plaintiff filed a response in opposition (Doc. 107). The Court ultimately denied Defendant's motion. (Doc. 112.) Plaintiff's

counsel incurred 15.3 hours in reviewing and responding to Defendant's Rule 50(b) motion. (See Hamill declaration and attached itemized invoice, **Exhibit 1**.) For these attorney hours spent, Plaintiff seeks a fee of $6,685, based upon an hourly rate of $450, which the Court has previously determined to be reasonable. (Doc. 112.)

Plaintiff's counsel also incurred 2 hours in drafting the instant motion for post-trial attorney fees and expenses. (See Ex. 1 to Hamill decl.) "[A]ttorneys are generally entitled to fees incurred in preparing and litigating an attorney fee motion after the underlying case has closed." *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 2023 WL 5826978, at *12 (W.D. Tenn. Sept. 8, 2023). *See also Coulter v. State of Tennessee,* 805 F .2d 146 (6th Cir.1989) (finding it permissible for attorneys to seek fees for filing a petition for attorney fees), *abrogated on other grounds by, The Ne. Ohio Coal. For the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016). For the time spent preparing the instant motion, Plaintiff seeks a fee of $900, based upon an hourly rate of $450.

In summary, Plaintiff seeks an **additional award of attorney fees in the amount of $7,785** based upon her successful opposition to Defendant's Rule 50(b) motion and the drafting of this instant motion.

**Post-Trial Costs**

As prevailing party, Plaintiff seeks to recover the cost of the trial testimony transcripts. Plaintiff ordered the transcripts as a necessary cost in responding to Defendant's Rule 50(b) motion, which frequently cited to the trial transcript. (*See, e.g.,* Doc. 104, PageID#: 3153, 3159, 3162, 3163, 3165, etc.) Plaintiff's response to the Rule 50(b) motion (Doc. 107) contained multiple in-depth citations to the trial transcript.

28 U.S.C. § 1920(2) allows a prevailing party to recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." District courts within the Sixth

Circuit have awarded, pursuant to § 1920(2), the cost of trial transcripts when used to oppose post-trial motions. *See, e.g., Tharo Sys., Inc. v. Cab Produkttechnik*, 2005 WL 1123595, at *3 (N.D. Ohio May 10, 2005) (allowing prevailing plaintiff to recover cost of trial transcripts under 28 U.S.C. § 1920(2) as necessarily obtained to respond to defendant's Rule 50(b) motion); *Thompson v. Quorum Health Res., LLC*, 2010 WL 2044542, at *8 (W.D. Ky. May 21, 2010) (awarding to prevailing plaintiff the cost of trial transcript under 28 U.S.C. § 1920(2) as it was necessary to respond to post-trial motions); *Monroe v. FTS USA, LLC*, 2014 WL 4472706, at *3 (W.D. Tenn. Sept. 10, 2014) (awarding cost of trial transcript because it was necessary for prevailing party to respond to numerous post-trial motions).

The cost for obtaining trial transcripts for Days 1 and 2 of trial – which contained all witness testimony – was $528. (See **Exhibit 2**.) Because this cost was necessarily obtained for use in the case, Plaintiff requests the Court to award her $528, pursuant to 28 U.S.C. § 1920(2).

Plaintiff also requests approval of her bill of costs (Doc. 95) in the total amount of $5,038.20. Defendant did not oppose Plaintiff's bill of costs. In summary, Plaintiff seeks a total of **$5,566.20 in total litigation costs**.

**Conclusion**

Plaintiff seeks to amend the judgment by an additional award of attorney fees in the amount of $7,785 for work related to post-trial motions and an additional award of $528 for recoverable trial transcript costs pursuant to 28 U.S.C. § 1920(2). Thus, combining the Court's award of attorney fees through trial already ordered in its Memorandum Opinion and Order in the amount of $192,860 (Doc. 112), plus the additional award of attorney fees in the total amount of $7,785 based upon her successful opposition to Defendant's Rule 50(b) motion and the drafting of this instant motion, **Plaintiff seeks a total combined award of attorney fees in the amount of**

3

**$200,645**.  Plaintiff also requests a total combined award of **$5,566.20 in litigation costs**.  Thus, Plaintiff seeks to amend the Amended Judgment Order to add $200,645 in attorney fees and $5,566.20 in litigation costs.  Plaintiff respectfully requests the Court to enter a final amended judgment for a total award of **$708,591.85**, which consists of the following:

- **$177,240.00** in back pay damages;
- **$25,140.65** in prejudgment interest;
- **$300,000.00** in combined compensatory and punitive damages;
- **$200,645.00** in attorney fees; and
- **$5,566.20** in litigation costs and expenses.

Plaintiff requests the Court to enter such judgment as a final judgment against the Defendant and in favor of the Plaintiff, with post-judgment interest per 28 U.S.C. § 1961.

    Respectfully submitted,

**MIKEL & HAMILL PLLC**

By:   s/ *Doug S. Hamill*
      Doug S. Hamill, BPR No. 022825
      Attorney for Plaintiff
      620 Lindsay Street, Suite 200
      Chattanooga, TN  37403
      (423) 541-5400
      dhamill@mhemploymentlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of February, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      By:   s/ *Doug S. Hamill*

5

Case 1:22-cv-00118-CEA-MJD    Document 114    Filed 02/03/25    Page 5 of 5    PageID #: 3247